UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL S. GREENBERG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-cv-01430 ) ) |
| JUDGE ANNE C. MARTIN, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Daniel S. Greenberg, a resident of Delray Beach, Florida, has filed a pro se complaint under 42 U.S.C. § 1983 against over fifty Defendants, including twenty-five John Doe Defendants. (Doc. No. 1). The Court previously denied Plaintiff's Application for Leave to Proceed In Forma Pauperis ("IFP Application") without prejudice (Doc. No. 9), after which time Plaintiff paid the civil filing fee (Doc. No. 10). By Order and Memorandum Opinion entered on January 22, 2025 (Doc. No. 14), the Court denied Plaintiff's Motion for Reconsideration of Order on IFP Application (Doc. No. 11).

Plaintiff now has filed a second Motion for Reconsideration (Doc. No. 15) in which he challenges the Court's January 22, 2025 Memorandum Opinion and Order (Doc. No. 14) denying his first Motion for Reconsideration (Doc. No. 11).

Rule 54(b) of the Federal Rules of Civil Procedure gives district courts broad discretion to revise interlocutory orders (like the Court's challenged Memorandum Opinion and Order) to prevent manifest injustice. See Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004). "This authority allows district courts 'to afford such relief from [interlocutory orders] as justice requires.'" Id. (quoting Citibank N.A. v. Fed. Deposit Ins. Corp.,

1

857 F. Supp. 976, 981 (D.D.C. 1994)). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Rodriguez, 89 F. App'x at 959. "This standard obviously vests significant discretion in district courts." Id. at 959 n.7. Considering these factors, the Court finds no justification for reconsidering its January 22, 2025 decision. Rather, Plaintiff's request for reconsideration demonstrates a type of buyer's remorse: he wishes he had not paid the filing fee on December 13, 2024, and now he wants to rewind the clock and pretend it never happened.

By Order entered on December 9, 2024, in considering Plaintiff's request for pauper status, the Court determined that Plaintiff had not explained the source of the $100,000 he indicated that he intended to spend on this litigation or why a portion of that amount could not be used to pay the filing fee. (Doc. No. 9 at 2). The Court therefore denied Plaintiff's IFP Application without prejudice. (Id.) The Court instructed Plaintiff to either submit an amended IFP Application or to pay the full civil filing fee within 30 days. (Id.)

Rather than submitting an amended IFP Application, Plaintiff paid the full civil filing fee. (Doc. No. 10). On the same day, however, Plaintiff filed his Motion for Reconsideration of the Court's Order denying his IFP Application as well as an amended IFP Application. In the Motion for Reconsideration, Plaintiff asserted that "he [wa]s being denied access to the courthouse doors due to his inability to pay . . . . [and] [b]ecause of the absolute necessity to have this case proceed . . . [he] will go into further debt to pay the filing fee and the $30 some odd dollars for overnight delivery." (Doc. No. 11 at 2). Plaintiff further stated that he would "not be able to eat for the next month and a half" due to having paid the filing fee. (Id.)

The Court denied Plaintiff's first Motion for Reconsideration, finding as follows:

> The Court presented Plaintiff with two options for proceeding with this case. He could have paid the filing fee or filed an Amended IFP Application. The Court had invited Plaintiff to submit an amended IFP Application and directed the Clerk of Court to mail Plaintiff a blank application for his convenience. It was Plaintiff's decision to pay the civil filing fee. Likewise, it was Plaintiff's decision to pay additional costs to overnight his materials. Plaintiff had a full month to comply with the Court's prior Order. He did not have to wait until the last minute, necessitating overnight delivery to meet the Court's deadline.
>
> And while Plaintiff states that paying the filing fee will result in him not being able to eat for the next month and a half, Plaintiff's Amended IFP Application (Doc. No. 12) states that he has $300 in a checking account even after paying the civil filing fee. (Id. at PageID# 138). He also lists $50 in recreation, entertainment, newspapers, magazines, etc. expenses. (Id. at PageID# 140). Most importantly, Plaintiff still indicates that he intends to spend $100,000 on litigation costs in this case with no explanation of the source of such funds. (Id. at PageID# 141). The Court finds that Plaintiff has not demonstrated that he is entitled to reconsideration of the Court's prior Order denying his IFP Application. The filing fee will not be refunded.

(Doc. No. 14 at 2-3).

Plaintiff now comes again to the Court with "an updated request for reconsideration of his IFP status and Rule 4(3) Motion requesting Service by US Marshals and waiving of **future** service and filing fees." (Doc. No. 15 at 2) (emphasis in original). Plaintiff again misconstrues what has transpired in this case. The Court has never denied Plaintiff pauper status. The Court previously found Plaintiff's IFP Application to be deficient so it denied the application without prejudice (as opposed to with prejudice)[1], which meant that Plaintiff could file an amended IFP Application to remedy the problems with his first IFP Application. And the Court invited Plaintiff to do so. It was Plaintiff's choice to decline the opportunity to amend his IFP Application and to pay the civil filing fee.

---

[1] Had the Court denied Plaintiff's IFP Application with prejudice, Plaintiff's only option for proceeding with this action would have been to pay the full civil filing fee by the deadline. Such was not the case. Instead, the dismissal without prejudice afforded Plaintiff two options. He chose to pay the full civil filing fee rather than to amend his IFP Application.

Plaintiff attempts to demonstrate his pauper status by citing to previous grants of IFP status in other court cases, detailing his financial situation, and clarifying his previous responses to questions on his IFP Application. (See Doc. No. 15 at 2-3). These attempts come too late. Plaintiff already has paid the filing fee. The Court is not in the business of refunding filing fees.

With regard to Plaintiff's request for the U.S. Marshal Service to serve his complaint and summons, once Plaintiff paid the filing fee, by law he became responsible for effecting timely and proper service of process on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. The Court is without the authority to change the Federal Rules of Civil Procedure.

Simply put, Plaintiff has made his bed and now he must lie in it. The Second Motion for Reconsideration (Doc. No. 15) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE