UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL S. GREENBERG, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:24-cv-01430 |
| JUDGE ANNE C. MARTIN, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Daniel S. Greenberg's Motion for Reconsideration. (Doc. No. 26). Greenberg seeks to challenge the Order (Doc. No. 25) adopting Magistrate Judge Jeffery S. Frensley's Report and Recommendation ("R&R") (Doc. No. 23) and denying Greenberg's Motion for Preliminary Injunction (Doc. No. 16). Greenberg failed to timely object to the R&R and offers no explanation why. As a matter of law, such failure is a waiver of the right to further judicial review. Thomas v. Arn, 474 U.S. 140, 144 (1985) (failure to timely file objections to the R&R waives the right to appeal). Greenberg has filed "Objections to Magistrate Judge's Report and Recommendation" to his motion (Doc. No. 26-1), dated August 26, 2025—more than a month after the July 21, 2025, R&R and well past the fourteen-day deadline.

That said, given Greenberg's pro se status, the Court will consider his other arguments.[1] A motion for reconsideration is not an invitation to argue what should have been raised in objection

---

[1] This is Greenberg's third motion for reconsideration. The Court has afforded Greenberg wide latitude given his pro se status. But future motions for reconsideration that rehash previously rejected arguments, or that raise arguments that could have been timely presented in the first instance, will not be favorably received.

to the R&R. The motion will be denied because the motion impermissibly attempts to raise belated objections while offering no controlling law the Court overlooked and no new evidence that would alter the Court's prior conclusion.

As an initial matter, Greenberg brings this motion under Rule 59(e), which applies to final judgments. But the Court's Order denying the preliminary injunction is an interlocutory order governed by Rule 54(b). That rule gives district courts broad discretion to revise interlocutory orders to prevent manifest injustice. See Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id.

Considering those factors, the Court finds no justification for reconsidering its prior Order. First, the motion cites no intervening change in law: instead, it invokes well-established constitutional principles (e.g., Due Process) that the R&R did not overlook, but squarely rejected. Second, the purported "newly discovered evidence" consists of allegations of additional constitutional violations and harms that occurred after or were not raised in the original motion. Granting reconsideration based on these subsequent developments would allow Greenberg to backdoor a renewed motion for preliminary injunction. The Court declines to allow that.

Because Greenberg identifies no intervening change in controlling law, no new evidence (that bears on the original motion), and no clear error warranting correction, the Motion to Reconsider (Doc. No. 26) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE