# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **DANIEL S. GREENBERG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:24-cv-01430** |
| | ) | |
| **JUDGE ANNE C. MARTIN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is the Report and Recommendation by Magistrate Judge Luke Evans ("R&R") (Doc. No. 43). The R&R recommends that Metro's motion to dismiss (Doc. No. 30) be granted, that this case be dismissed under the <u>Rooker-Feldman</u> doctrine for lack of subject matter jurisdiction, and that Greenberg's remaining pending motions (Doc. Nos. 27, 33, 35, 39) be denied as moot. Greenberg objects because the R&R (1) fails to determine whether the Complaint contains any claims independent of the state-court judgments (Doc. No. 44 at 3–4); (2) fails to separately consider whether the California guardian-ad-litem order was procured through fraud or entered without Due Process (<u>id.</u> at 4–5); and (3) incorrectly concludes that the Court lacks subject matter jurisdiction notwithstanding his remaining arguments concerning judicial immunity, recusal, and related issues (<u>id.</u> at 5–7). He also objects to the R&R's recommendation that his remaining pending motions be denied as moot. (<u>Id.</u> at 7).

The Court has conducted a de novo review of the portions of the R&R to which Greenberg objects. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). For the reasons below, the objections will be overruled, the R&R adopted, and this case dismissed for lack of subject matter jurisdiction.

Greenberg concedes that the R&R correctly concludes that this Court lacks jurisdiction over his claims seeking to declare state-court orders void, restore his parental rights, recover property distributed through the state proceedings, or otherwise overturn the California and Tennessee judgments. (Doc. No. 44 at 2–3). Instead, Greenberg first asks the Court to determine whether the Complaint contains some unidentified claim that is independent of those judgments. (Id. at 3–4). Yet Greenberg never identifies that claim survives the Rooker-Feldman doctrine, what injury exists apart from the state-court judgments, or what relief this Court could award without reviewing and rejecting those judgments. The Court declines Greenberg's invitation to search the Complaint for a hypothetical claim that he does not identify. The Court agrees with the Magistrate Judge that Greenberg's alleged injuries arise from the state-court proceedings and that the relief he seeks necessarily requires review and rejection of the resulting judgments.

Greenberg next argues that the Court should separately consider whether the California guardian-ad-litem order was procured through fraud or entered without Due Process. (Id. at 4–5). That objection likewise fails. The Complaint does not plausibly allege an injury independent of the state-court judgment. Rather, Greenberg alleges that the California court entered the guardian-ad-litem order without notice, a hearing, or constitutionally adequate process and repeatedly asks this Court to declare that order—and every subsequent order following from it—void. Those allegations amount to a challenge to the validity of the state-court judgment itself. Recasting that challenge as fraud or a Due Process violation does not avoid the jurisdictional bar.

Plaintiff's remaining objections concerning judicial immunity, recusal, or judicial assignments do not undermine the R&R's Rooker-Feldman analysis. Because the Court lacks subject matter jurisdiction, it cannot reach those issues. Accordingly, the Court also agrees with the Magistrate Judge that Greenberg's remaining pending motions are moot.

2

Accordingly, Plaintiff's objections (Doc. No. 44) are **OVERRULED**. The R&R (Doc. No. 43) is **ADOPTED**. Metro's motion to dismiss (Doc. No. 30) is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Plaintiff's remaining pending motions (Doc. Nos. 27, 33, 35, 39) are **DENIED AS MOOT**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE